**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MICHAEL L. UNION,**

      **Plaintiff,**

**vs.**                                **Case No. 4:10cv125-RH/WCS**

**JORGE A. MONTENEGRO, et al.,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 26.  This version of the complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff is currently incarcerated at Florida State Prison.  Six of the seven named Defendants are located at Hendry Correctional Institution, with one Defendant located at Florida State Prison with Plaintiff.  Doc. 26.  Plaintiff has properly deleted his claim against Defendant McNeil, the only Defendant in this jurisdiction.  Plaintiff's claims concern events that transpired initially at Hendry Correctional Institution and the ramifications have allegedly continued to his current confinement status at Florida State

Prison.  None of the alleged events or Defendants are within the jurisdiction of the

Northern District of Florida, and this case should properly be transferred.  Because both

Hendry Correctional Institution and Florida State Prison are located in the Middle District

of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28

U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the

Middle District of Florida.  The Fort Myers Division is the division of most of the

Defendants.

A district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to

another district or division "in which it could have been brought."  A court may raise the

issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for

lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York

State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  Those limitations are

not placed on the court's ability to transfer a case to the appropriate forum pursuant to

28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n. 2.  There is no need for a

hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)

*with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).  Thus, it is recommended

that the case be transferred rather than dismissed.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I

respectfully **RECOMMEND** transfer of this action to the United States District Court for

the Middle District of Florida, Fort Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2010.

 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**