UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL LAMONT UNION,

    Plaintiff,

vs.                           Case No. 2:10-cv-734-FtM-99SPC

JORGE A. MONTENEGRO, Sgt.; ORTIZ
CRUZ, Officer; MRS. STOKES, Officer;
U LANGFER; TRAVIS MITCHELL, Class
Officer; R.B. BATTEN, Lt.; STEVEN
SINGER, Warden; B. MOUNT, Assistant
Warden,

    Defendants.

_____

## **OPINION AND ORDER**

### I. Status

This matter comes before the Court upon review of the Defendants' Motion to Dismiss (Doc. #65, Motion). Plaintiff filed a response in opposition (Doc. #71, Response). This matter is ripe for review.

Michael Lamount Union, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Florida on April 5, 2010. See docket. After entering two separate orders directing Plaintiff to file amended complaints (Docs. #14, #22), on December 3, 2010, the Northern District entered an order approving the report and recommendation to transfer the action to this Court because the "claims concern events that transpired initially at Hendry Correctional

Institution." See Doc. #27 at 1-2. Although Plaintiff also included claims arising from Florida State Prison, the Northern District transferred the action to this Court finding that both Hendry Correctional Institution and Florida State Prison are located with the Middle District of Florida. Plaintiff is proceeding on his Second Amended Complaint (Doc. #26, hereinafter "Amended Complaint").

## II. Facts

Plaintiff files suit against the following Defendants: Sergeant Jorge Montenegro,[1] Correctional Officer Ortiz Cruz, Correctional Officer Mrs. Stokes, Classification Specialist Travis Mitchell, Lieutenant R.B. Batten, Assistant Warden B. Mount, and Warden Steven Singer, all of whom were employed at Hendry Correctional Institution at the time of the alleged incident, except Warden Singer who was employed at Florida State Prison. Amended Complaint at 2-3.

---

[1] As of the date on this Order, Defendant Montenegro has not received service of process. See Doc. #68 (discussing status of service). On December 16, 2011 (Doc. #73) the Court issued an Order reminding Plaintiff that Defendant Montenegro had not received service of process and reminded him that Fed. R. Civ. P. 4(m) requires service within 120 days of the filing of a complaint. In their Motion, Defendants explain that Montenegro is a former employee of the Department of Corrections an their efforts to contact him to arrange a waiver of service have been unsuccessful. See Motion at 2, fn. 1. Approximately five months after the Court issued its Rule 4(m) warning to Plaintiff,, Plaintiff filed a motion seeking additional time to serve Defendant Montenegro on May 17, 2012. Doc. #74.

**Disciplinary Report and Hearing**

Plaintiff admits that on May 8, 2009, while incarcerated at Hendry Correctional, he possessed contraband consisting of an electronic device, which he threw into a T.V. Room area occupied by other prisoners. Id. at 6. Officers Ortiz-Cruz and Montenegro saw Plaintiff with the contraband and attempted to stop him. Id. Plaintiff states Defendants applied "mild" force and he did not resist. Id. That same day, Plaintiff alleges Defendant Montenegro "falsified documents and submitted a forged disciplinary report" accusing Plaintiff of battery on a correctional officer during a routine cell search inside cell D11205.[2] Id. at 6-7. Plaintiff states Officer Ortiz-Cruz was the only witness to the incident and "conspired" with Montenegro to issue the false disciplinary report. Id. at 7.

On May 11, 2009, Plaintiff states Defendant Stokes handled the investigation portion of the May 8 disciplinary report. Plaintiff complains that Stokes began the investigation "late." Plaintiff faults Stokes for randomly choosing three inmate witnesses, instead of gathering inmate statements from Plaintiff's "large [sic] amount of inmate witnesses." Id.

---

[2]Plaintiff further claims that he faced criminal charges in State court for battery on a law enforcement officer and possession of contraband, which were later dropped. Amended Complaint at 8; Exh. at 24.

On May 19, 2009, Defendants Mitchell and Batten conducted Plaintiff's disciplinary hearing at Hendry Correctional. Plaintiff alleges that Defendants Mitchell and Batten "refused to consider Plaintiff's valid arguments," denied his right to call additional witnesses, refused to review the video tape evidence, and found him guilty of battery on Montenegro and possession of a wireless device "based solely on Defendant Montenegro's statement alone." Id. As a result, Plaintiff was sentenced to 60 days disciplinary confinement and 50 days loss of gain time for battery on a correctional officer.[3] Id.

The documents Plaintiff attached as exhibits to his initial Complaint show that Defendant Stokes began her investigation into the disciplinary report on May 9, 2009.[4] Exh. at 17. Prior to the commencement of the disciplinary hearing, Plaintiff had requested to call an entire dormitory of inmates as witnesses, but was limited to three inmate witnesses because it was "impossible to interview" the number of inmates Plaintiff requested. Id. at 15. Plaintiff received copies of the three inmate witness statements. Id. at 17. The videotape evidence Plaintiff wanted to the

---

[3]Plaintiff seems to suggest that he received 60 days disciplinary confinement for possession of contraband, in addition to the 60 days confinement for battery. See Amended Complaint. However, Plaintiff's exhibits show he received 60 days disciplinary confinement and 50 days loss of gain time for both the contraband and battery charges. Exh. at 19.

[4]Plaintiff's exhibits are scanned on CM/ECF as part of the initial Complaint. See Doc. #1 at 15-45 (hereinafter "Exhibits").

disciplinary committee to consider was not considered because it was taken after the incident at issue and therefore was deemed irrelevant. Id. Additional evidence presented during the disciplinary hearing consisted of the medical report and photographs of Officer Montenegro's injuries. Id. at 17, 19.

Plaintiff filed inmate grievances regarding the May 8, 2009 disciplinary report. On July 22, 2009, while incarcerated at Florida State Prison, Plaintiff states the Secretary of the Department of Corrections "overturned" the disciplinary report. Id. at 8; see also Exh. at 23.

**Close Management Status**

On June 5, 2009, Plaintiff states he received his close management review at Hendry Correctional. Defendant Mount and J.T. McClelland[5] presided over the hearing on June 23, 2009. Id. Plaintiff argued that his confinement management status should not be changed, but his status was changed and he was placed on CM 1. Id. at 8.

Plaintiff was transferred to Florida State Prison and kept on CM 1 status. After the disciplinary report was overturned on July 22, 2009, Plaintiff alleges Warden Singer at Florida State Prison was directed to "modify Plaintiff's close management status," but refused to do so. Id. Plaintiff alleges that it is "improper to hold [him] on [CM 1] when he no longer fits that same specified CM

---

[5]J.T. McClelland is not a named defendant.

provisions originally used to recommend CM 1." Id. Plaintiff states that he appealed Defendant Singer's decision to no avail and was told "just because the report was overturned for technical errors does not mean the incident didn't occur."

On December 31, 2009, Plaintiff had another confinement status review at Florida State Prison, which he alleges resulted in an "unjustified continuation on CM 1 status." Id. Plaintiff states he was told he was kept on CM 1 status because he "had poor adjustment and security concerns still exist." Id. at 8-9. Plaintiff claims classification improperly utilized "past history" dating back to 1991. Id. at 9. Plaintiff further faults the classification specialist for failing to conduct an onsite interview before the hearing. Id.

As relief, Plaintiff seeks compensatory damages in the amount of $18,000 for "serving CM and confinement time," and punitive damages. Plaintiff also requests that the Court entered an order directing Defendants to immediately release Plaintiff to "general population." Id. at 10.

### III. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); Crenshaw v. Lister, 556 F.3d 1283, 1291

(11th Cir. 2009)(citing Fed. R. Civ. P. 10(c)(attachments to a complaint are a part of the proceeding)). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." <u>Id.</u> at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. <u>Ashcroft</u>, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> The "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See</u> <u>Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating <u>Conley</u>, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. <u>Randall</u>, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, her pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### IV. Motion to Dismiss

Defendants Batten, Mitchell, Mount, Ortiz-Cruz, Singer, and Stokes move to dismiss the action pursuant to Rule 12(b)(6). <u>See</u> <u>generally</u> Motion.[6] <u>Id.</u> at 1. Defendants first argue that

---

[6]Defendants point to the exhibits Plaintiff attached to his initial Complaint and state that they incorporate by reference the exhibits Plaintiff attaches because they are part of the entire record in this case. Motion at 2 (citing <u>Key Custom Homes, Inc. v. Mid-Continent Cas. Co.</u>, 450 F.Supp. 2d 1311, 1319 (M.D. Fla. 2009); <u>Fernandez v. Bankers Nat. Life Ins. Co.</u>, 906 F.2d 559, 569-570 (11th Cir. 1990)). The cases Defendants cite, however, pertain to actions at the summary judgment stage of the proceedings. This case is at the motion to dismiss stage. Nevertheless, the Court will review the exhibits Plaintiff attaches to his initial
(continued...)

Singer and Mount should be dismissed without prejudice based upon misjoinder under Fed. R. Civ. P. 20. Defendants Singer and Mount argue that Plaintiff improperly attempts to join three entirely different incidents into one Complaint: disciplinary proceedings at Hendry Correctional on May 19, 2009, close management placement at Hendry Correctional on June 5, 2009, and subsequent close management retention at Florida State Prison around August 4, 2009. Motion at 5-6.

Next, Defendants argue the action fails to state a Due Process claim because Plaintiff did not have a cognizable liberty interest in the disciplinary report at issue. Further, Defendants assert that the penalty imposed as a result of the disciplinary finding, disciplinary confinement for 60 days and loss of gain time, did not constitute a significant or atypical hardship in relation to the ordinary incidents of prison life. Id. at 16-17. Additionally, Defendants point out that Plaintiff had an adequate post-deprivation remedy through the appeal process, in which the disciplinary report was in fact overturned and lost gain time restored. Id. at 17.

With regard to Plaintiff's close management designation, Defendants argue that Plaintiff has no liberty or property interest

---

[6](...continued)
Complaint. See Gross v. White, 340 F. App'x 527, 533 (11th Cir. 2009)(stating a district court need not disregard exhibits plaintiff attached to initial complaint when reviewing a motion to dismiss plaintiff's second amended complaint).

in his close management status because inmates have no constitutional right to particular security classification. Id. at 19-21. In the alternative, Defendants argue that Plaintiff's Due Process rights have been satisfied because he received written notice of his close management hearing and time to plead his case during the hearing. Id. at 22-23.[7]

## V. Analysis

Upon review of the Amended Complaint, Defendants' Motion, and applicable law, the Court finds that the Amended Complaint is due to be dismissed.

### A. Improper Joinder

Defendants Singer and Mount argue that they should be dismissed from this lawsuit based upon misjoinder. See Motion at 5-13. The Court agrees with Defendants and finds that the allegations in the Complaint contain improperly joined parties and claims arising at two different correctional facilities in the State of Florida. Under Federal Rule of Civil Procedure 18(a): "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Thus, Rule 18(a) permits a plaintiff to bring multiple claims against a defendant. However, if joining a claim requires

---

[7]Defendants raise additional arguments in their Motion that the Court will not address.

joining additional parties, the claim must comply with Fed. R. Civ. P. 20.

Federal Rule of Civil Procedure 20(a)(2) states that defendants may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and, all the parties joined must share in common at least one question of law or fact. Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled other grounds, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003)).

In determining what constitutes a "transaction or occurrence" under Fed. R. Civ. P. 20, the Eleventh Circuit has stated that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id. (internal citations omitted). "All 'logically related' events entitling a person to institute a legal action

against another generally are regarded as comprising a transaction or occurrence." Id. (internal citations omitted). The second requirement under Fed. R. Civ. P. 20 is that "*some* question of law or fact be common to all parties," but "does not require *all* questions of law and fact raised by the dispute be common." Id. (emphasis in original)(citations omitted). It follows that under Rule 20(a)(2), a plaintiff may not bring multiple claims against multiple parties in a single action unless the "statutory nexus" is demonstrated with respect to all defendants named in the action.

Here, the Amended Complaint contains unrelated claims in violation of Rule 18(a) and also improperly names Defendants who are not shown to be connected to all of the claims raised in the Complaint in violation of Rule 20(a)(2). Plaintiff files suit against Defendants Montenegro, Ortiz-Cruz, Mitchell, Bratton, and Stokes stemming from either the disciplinary report he received, or the investigation and the hearing related thereto, while incarcerated at Hendry Correctional. However, the Complaint also includes claims against Defendant Mount on an unrelated matter concerning Plaintiff's close management status review and change in status to CM 1 while at Hendry Correctional; and Defendant Singer for maintaining Plaintiff's close management status on CM 1 during his incarceration at Florida State Prison.

Incidents that occurred at two different facilities are unrelated unless the two incidents were caused by the same person

or arose from the same transaction or series of transactions. Plaintiff's allegations do not suggest that the incidents at Hendry and Florida State Prison are sufficiently related, or were caused by the same individual defendant. In other words, the claims regarding Plaintiff's close management status involve different facts and different legal issues than the claims regarding his allegedly false disciplinary report issued at Hendry Correctional. Additionally, Plaintiff's claims regarding his close management review at Hendry are unrelated to the claims of his close management review at Florida State Prison.[8]

Although Plaintiff attempts to allege commonality between all of the claims stemming from the issuance of the alleged false and malicious disciplinary report that was later overturned, the Amended Complaint shows that the disciplinary report was overturned in July 2009 well <u>before</u> Defendant Singer considered Plaintiff's incarceration history dating back to 1991 and decided to keep Plaintiff on CM 1 status at Florida State Prison in December 2009. <u>See</u> <u>Skillern v. Georgia Dep't of Corr.</u>, 379 F. App'x 859, 860 (11th Cir. 2010)(finding separate events that occurred on different dates were improperly joined despite plaintiff's allegation that all the events evidenced deliberate indifference to his medical condition).

---

[8]Plaintiff should note, however, that an inmate does not have a constitutionally protected liberty interest in being housed in a particular facility or classified with a particular security status. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221-22 (2005).

-13-

The Court recognizes that "misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. However, the Court will dismiss Defendants Mount and Singer from this action based on improper joinder and the claims related thereto to allow Plaintiff an opportunity to file a separate civil rights actions regarding these claims, if he deems appropriate.[9]

## B. Fails to State a Due Process Claim

As previously stated, Plaintiff files suit against Defendants Ortiz-Cruz, Stokes, Mitchell, and Batton stemming from the processing of his disciplinary report at Hendry Correctional. Plaintiff also names Defendant Montenegro for allegedly writing him the false and malicious disciplinary report, but service of process has not been executed on Montenegro.

The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law. U.S. Const. Amend. XIV, sec. 1. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; (3) constitutionally-

---

[9]Plaintiff may pursue his claims against Defendants Mount and Singer, respectively, stemming from Plaintiff's close management designation by initiating two separate causes of action in the appropriate venue. A civil rights complaint concerning incidents arising at Florida State Prison should be filed in the Jacksonville Division. Plaintiff should also note that there is a four-year statute of limitations in Florida for filing an action pursuant to § 1983. Owens v. Okure, 488 U.S. 235 (1989); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).

inadequate process." Moulds v. Bullard, 452 F. App'x 851, 853 (11th Cir. 2011)(citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)). "The first question a court must answer with any procedural due process claim is whether the injury claimed by the plaintiff is within the scope of the Due Process Clause." Id. (citing Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999)).

If the court finds a prisoner has a protected liberty interest, such as when statutory good time credits are at stake, then a prisoner is entitled to the following three procedural safeguards: (1) advance, written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and correctional goals to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).

*Sub judice*, Plaintiff's injuries included the loss of 50 days of gain time and disciplinary confinement for 60 days as a result of the battery on a correctional officer disciplinary report.[10] The U.S. Supreme Court has recognized that a prisoner does not have a liberty interest in avoiding disciplinary segregation. See Sandin

---

[10]Plaintiff admits that he was in possession of contraband, a wireless device. Thus, Plaintiff does not challenge the disciplinary report to the extent he was found guilty of possessing this contraband, or the imposition of "60 days" related thereto. Amended Complaint at 7.

v. Connor, 515 U.S. 472, 485-86 (1995) (stating inmate does not have a liberty interest in avoiding disciplinary segregation). The Eleventh Circuit Court of Appeals has specifically found that two months spent in "administrative confinement" did not implicate a protected liberty interest. Rodgers v. Singletary, 142 F.3d 1252, 1252-1253 (11th Cir. 1998)(finding two months in "administrative confinement" did not implicate a protected liberty interest); Solliday v. Fed. Officers, 413 F. App'x at 209 (other citations omitted)(stating that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed and not otherwise violative of the Constitution, the Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight.").

With regard to Plaintiff's lost gain time, the Court notes that he is serving a life sentence and is not eligible for early release through gain time. Motion at 16 (citing Florida Department of Corrections website); see also Fla. Stat. § 944.275(2)(a); § 944.275 (4)(b); Fla. Admin. Code 33-603.402(1)(a); Jackson v. Fla. Dep't of Corr., 790 So. 2d 398, 400 (Fla. 2001)(noting that inmate serving life sentence is ineligible to earn gain time); see also Rowan v. Harris, 316 F. App'x 836, 838 (11th Cir. 2008)(finding no justiciable case or controversy when life inmate sought expungement of disciplinary record for loss of gain time); Osterback v. Crosby, 2004 WL 964139 (M.D. Fla. 2004)(noting that because plaintiff was

serving a life sentence he had no ability to earn gain time and therefore no due process liberty interest attached). Moreover, in this case Plaintiff's lost gain time was restored when the disciplinary report was expunged. In the abundance of caution, assuming *arguendo* that Plaintiff had a protected liberty interest at stake, the Court will turn to the requirements set forth in Wolff.

The Amended Complaint and exhibits attached to the initial Complaint show that Plaintiff was given advanced notice of the disciplinary hearing. Exh. at 18-19. Plaintiff was afforded an opportunity to present witness statements from inmates Reid, Gibbs, and Boskovick and provide his own factual statement concerning the incident. See Amended Complaint; Exh. at 17. During the disciplinary hearing, Plaintiff plead not guilty. Exh. at 19. The disciplinary hearing team reviewed all of the facts, including Plaintiff's statement, but found Plaintiff guilty "based on the statement of facts written by Sergeant Montenegro." Id. Plaintiff was then provided with the "disciplinary hearing worksheet" containing their findings and decision. Id.

To the extent Plaintiff argues that his due process rights were violated because the disciplinary report did not contain all of the facts, Plaintiff's exhibits show that he was permitted to present his version of the facts to the disciplinary hearing team. See generally Id. Plaintiff takes issue with the disciplinary

hearing because he was not allowed to call the entire dorm of inmates as witnesses, Exh. 15-16, but the right to call witnesses in a disciplinary hearing is a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution." Baxter v. Palmigiano, 425 U.S. 308, 321 (1976). Here, Plaintiff was not permitted to call an entire dormitory of inmate witnesses because it was not possible for correctional officials to call an entire dorm of inmates as witnesses. Id.; see also Ponte v. Real, 471 U.S. 491 (1985)(stating correctional facility may deny an inmate the ability to call witnesses at a disciplinary hearing). Plaintiff was further advised that he should have listed specific inmate witnesses' by name. Exh. at 20-21. Plaintiff contests the failure to introduce the videotape evidence, but his exhibits show that correctional officials reviewed the videotape footage and found it irrelevant for purposes of the hearing. Thus, all of the relevant facts were presented to the disciplinary hearing team for consideration.

It is not a question of whether state law or an administrative departmental policy was violated, but rather the inquiry concerns whether Plaintiff's allegations rise to the level of a federal constitutional violation, and whether the procedural deficiencies are ones that violate Plaintiff's due process rights guaranteed to him pursuant to the Fourteenth Amendment of the United States Constitution. The Supreme Court has held: "the requirements of

due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . . .'" Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985) (quoting United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. at 106); Williams v. Fountain, 77 F.3d 372, 375 (11th Cir.), cert. denied, 117 S. Ct. 367 (1996)). The Court is not required to examine the entire record, to make an independent assessment of the credibility of witnesses, or to weigh the evidence. 472 U.S. at 455. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Williams v. Fountain, 77 F.3d at 375 (citing Superintendent v. Hill, 472 U.S. at 455-56).

As stated above, the disciplinary hearing team found Sergeant Montenegro's statement persuasive and found Plaintiff guilty of the infraction. Additionally, the record shows medical evidence of Montenegro's injuries sustained from the battery were presented to the disciplinary committee. Although Plaintiff claims Montenegro issued a false disciplinary report and Ortiz-Cruz conspired with him, the Amended Complaint contains no factual allegations in support of these claims. This claim standing alone does not state a deprivation of due process. Sandin, 515 U.S. at 472; Collins v.

King, 743 F.2d 248, 253-54 (11th Cir 1984). The minimal requirements of due process that are applicable to prison disciplinary proceedings have been satisfied in this case. Thus, the Amended Complaint fails to state a due process claim as to Defendants Montenegro, Ortiz-Cruz, Stokes, Mitchell, and Batten. Accordingly, Defendants' Motion is granted and the Court will not permit Plaintiff additional time to serve Defendant Montenegro based on the facts alleged in the Amended Complaint.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. #65) is **GRANTED** and Defendants are dismissed without prejudice.

2. Defendant Montenegro is dismissed pursuant to Fed. R. Civ. P. 4(m). Plaintiff's motion for more time to serve Defendant Montenegro (Doc. #74) is **DENIED** for the reasons set forth herein.

3. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Orlando, Florida, on this 25 day of June, 2012.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

-20-